08 CV 5814

JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Moulaye Haidara, | Civ. Action #:( )( ) |
|---|---|
| Plaintiff, | |
| -v- | **Complaint** |
| River Gas & Wash Corp., | Date Filed: |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

Plaintiff, Moulaye Haidara, by Abdul Hassan, his attorney, complaining of the Defendant, respectfully alleges as follows:

RECEIVED
JUN 27 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of 1.5 times his regular rate for such hours over forty in a week, and (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages under Article 6 of the New York Labor Law including Section 191 and is entitled to liquidated damages/penalties and attorneys' fees pursuant to Section 198 of the New York Labor Law.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Upon information and belief, Defendant River Gas & Wash Corp ("Defendant" or "River Gas") is a domestic for-profit corporation organized and existing under the laws of the State of New York with a place of business at 99-107 E 149th Street, Bronx, New York, NY 10451.

8. Plaintiff **Moulaye Haidara** ("Haidara") is an adult over the age of eighteen years and is a resident of Bronx County in the State of New York.

9. Plaintiff Haidara was employed by Defendant for about a year ending October 16, 2006.

10. "Plaintiff" as used in this complaint refers to the named Plaintiff.

11. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

12. The time relevant herein or all times relevant herein, as to the FLSA cause of action refers to the three-year and two-year period preceding the filing of this action, and as to the New York Labor Law causes of action, refers to the six-year period preceding the filing of this action.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendant was engaged in the business of providing car wash and oil change/lube services to the public.

14. As its name suggests, Defendant operates a lube/oil change as well as a car wash.

15. Upon information and belief, and at all times relevant herein, Defendant operated both its lube/oil change and its car wash, 7 days a week, 52 weeks a year.

16. Upon information and belief, and at all times relevant herein, Defendant had revenues of approximately $16, 000 a week from its lube/oil change services.

17. Upon information and belief, Defendant's lube/oil change offers numerous services in addition to oil change.

18. Upon information and belief, when a vehicle was serviced in Defendant's lube/oil change, the employee who serviced the vehicle would enter that vehicle's information, including the services performed on the vehicle, into Defendant's computer. Defendant's computer recorded among other things, the vehicle serviced, the services performed, the price for those services and the identity of the technician who performed the services.

19. Upon information and belief, and at all times relevant herein, Defendant did not include the commissions paid to Plaintiff, in the calculation of the overtime rate Plaintiff were entitled to.

20. Upon information and belief, and at all times relevant herein, Defendant had revenues of thousands of dollars a week from its car wash services.

21. Upon information and belief, and at all times relevant herein, Defendant also derived revenue from sales of automobile supplies and accessories such as air refreshers, mats, radios, key chains, ice scrapers etc.

22. Upon information and belief, and at all relevant times herein, Defendant employed over several dozen workers.

23. Upon information and belief, and at all relevant times herein, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, telephone and internet systems.

24. Upon information and belief, and at all relevant times herein, Defendant conducted business with Vendors outside the state of New York.

25. Upon information and belief, and at all relevant times herein, Defendant transacted business with entities outside the State of New York.

26. At all times relevant herein, Plaintiff was employed by Defendant as an hourly employee.

27. At all relevant times herein and during his employment with Defendant, Plaintiff was a manual worker or mechanic of Defendant, doing physical/manual work on cars.

28. At all relevant times herein and for the time Plaintiff was employed by Defendant, Plaintiff worked more than forty (40) hours in a week for some or all weeks.

29. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of one and one half times their regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

30. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an extra hour of pay for each day that Plaintiff worked more than ten hours for Defendant.

31. Upon information and belief, and at all relevant times herein, Defendant failed to display

federal and state minimum wage/overtime posters.

32. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of their federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

35. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and/or 207(a).

36. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

37. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

38. At all times applicable herein and upon information and belief, Defendant conducted business outside the State of New York involving lube oil, car parts, chemicals for car wash, computer support services and payroll support services.

39. Defendant as a regular part of its business, makes payment of taxes and other monies on

behalf of its clients and others to agencies and entities outside the State of New York.

40. Defendant as a regular part of its business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

41. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

42. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail and telephone systems.

43. **At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.**

## Relief Demanded

44. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, their unpaid overtime compensation, <u>an additional equal amount (maximum) as liquidated damages</u>, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

45. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

47. At all times relevant to this action, Plaintiff was jointly employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

48. **At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.**

### Relief Demanded

49. Due to Defendant's New York Labor Law overtime violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, prejudgment interest, twenty-five (25%) percent liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION - NYLL § 190, 191 and 198

50. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 49 above with the same force and effect as if fully set forth at length herein.

51. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191 and 198 and the applicable regulations thereunder.

52. At all times relevant to this action, Plaintiff was employed by Defendant as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191.

53. **At all relevant times herein, Defendant <u>violated</u> and <u>willfully violated</u> Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191 and 198 by failing to pay Plaintiff wages for weekly overtime (FLSA and NYMWA, as required by and**

within the time specified in NY Labor Law § 190 et seq. specifically including NY Labor Law § 191.

### Relief Demanded

54. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid overtime compensation, without illegal deductions, plus twenty-five percent liquidated damages, prejudgment interest, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act and the Regulations thereunder;

56. Award Plaintiff his unpaid overtime compensation due under the FLSA and the New York Minimum Wage Act and the Regulations thereunder;

57. Award Plaintiff prejudgement interest on all monies due. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

58. Award Plaintiff an additional equal amount as liquidated damages (maximum) because of Defendant's failure to pay overtime pursuant to 29 U.S.C. § 216 and an additional amount of twenty-five (25) percent as liquidated damages/penalties under Section 663 and Section 198 of New York State Labor Law due to Defendant' willful failure to pay overtime pay;

59. Award Plaintiff the costs of this action together with reasonable attorneys' fees pursuant to applicable laws including the Fair Labor Standards Act 29 USC § 216, Section 198 of the New York State Labor Law and Section 663 of the New York State Labor Law;

60. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Jamaica, New York
June 24, 2008

Respectfully submitted,

*Abdul Hassan*

Abdul Karim Hassan, Esq. (AH6510)
175-61 Hillside Avenue, Suite 306
Jamaica, NY 11432
Tel: (718) 725-2820
Email: courtpoint@courtpoint.com
ATTORNEY FOR THE PLAINTIFF